UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| AFG INDUSTRIES, INC., and | ) | |
| ASAHI GLASS COMPANY, LTD. | ) | |
| | ) | |
| v. | ) | NO. 2:96-CV-244 |
| | ) | |
| CARDINAL IG COMPANY, INC. | ) | |

**O R D E R**

This patent infringement matter came before the Court on June 14, 2005, to address the Motion for Reconsideration of the Court's Order dated May 9, 2006, which denied the Renewed Motion for Summary Judgment of Invalidity filed by the defendant Cardinal IG Company ("Cardinal"). In its renewed motion, Cardinal contends that U.S. Patent No. 4,943,484 ("Goodman Patent") is undisclosed prior art which completely invalidates the Oyama U.S. Patent No. 4,858,532 ('532 patent). This Court found that because Cardinal did not appeal the Court's ruling that the Goodman Patent did not anticipate the '532 patent, this ruling became the law of the case and, therefore, Cardinal could not raise this issue in a renewed motion for summary judgment.

Cardinal contends that it could not appeal this Court's ruling denying

Cardinal's motion for summary judgment on the issue of invalidity because ". . . this court never dismissed Cardinal's counterclaim with prejudice and apparently considered Cardinal's motion for summary judgment of invalidity to be based on Cardinal's affirmative defense." Cardinal also argues that "this court never held the Oyama patent to be valid."

**Procedural History**

This matter is currently before the Court after its third remand by the Federal Circuit Court of Appeals. Initially, this Court granted summary judgment to Cardinal that its product does not infringe AFG's '532 patent. AFG appealed and the Federal Circuit, holding that this Court "wrongly resolved or failed to resolve crucial questions of claim construction," vacated the summary judgment and remanded for further claim construction and further proceedings. *AFG Indus-tries, Inc., v. Cardinal IG Co., Inc.*, 178 F.3d 1312 (Fed.Cir. 1999). After further proceedings and claim construction, this Court once again granted summary judgment of noninfringement in favor of Cardinal. AFG once again appealed and the Federal Circuit, adopting a different claim construction than that applied by the district court, vacated the summary judgment and remanded. *AFG Industries, Inc. v. Cardinal IG Co., Inc.*, 239 F.3d 1239 (Fed.Cir. 2001) ("Cardinal II"). Of special significance to the issue now before the Court, the Federal Circuit in *Cardinal II*

2

noted that Cardinal had also moved for summary judgment of invalidity and that this Court did not address the motion. The Federal Circuit directed the Court on remand to address the invalidity issue, saying:

> We take no view on the merits of this motion, but note that the trial court on remand should resolve this motion to determine whether it is necessary to proceed to trial in this case." *Cardinal II* at 1252.

On remand, this Court once again granted summary judgment of noninfringement to Cardinal and denied Cardinal's motion for summary judgment of invalidity. Cardinal contended entitlement to summary judgment of invalidity on the grounds that the Goodman Patent anticipates the '532 patent. This Court made detailed findings of fact and, "[U]tilizing the Federal Circuit's definition of "layer" . . . ", concluded that "Goodman's '484 patent does not anticipate claim 1 of the '532 patent . . . ." The Court's order which accompanied its memorandum dismissed plaintiff's (AFG's) complaint. AFG appealed for the third time. No cross-appeal was filed by Cardinal. The Federal Circuit found that this Court erred in granting summary judgment of noninfringement because there exist genuine issues of material fact on the issue. *AFG Industries, Inc. v. Cardinal IG Co., Inc.*, 375 F.3d 1367 (Fed.Cir.2004)("Cardinal III"). In reviewing the procedural history of the case, the Federal Circuit noted in *Cardinal III* that "[A]lthough not appealed, the district court also held the Goodman Patent did not anticipate the '532 patent."

3

**Cardinal's Argument That It "Could Not Have Appealed This Court's Denial of Its Motion For Summary Judgment of Invalidity As A Matter Of Law."**

Cardinal insists that it could not appeal this Court's holding that the Goodman Patent does not anticipate the '532 patent because the Court had granted its motion for summary judgment of noninfringement, denied its motion for summary judgment of invalidity, and dismissed AFG's complaint but not Cardinal's countercomplaint. In other words, Cardinal argues that there was no final judgment adverse to it on the invalidity issue from which it could appeal. Cardinal's argument lacks merit for several reasons:

(1) AFG's appeal in *Cardinal III* (as in the two prior appeals) was filed pursuant to Rule 3, *Fed.R.App.P.*, as an appeal from a final judgment, not an interlocutory appeal;

(2) The Federal Circuit would not have had jurisdiction over AFG's appeal unless the case had been a "final judgment" of the district court, that is, a full adjudication of all claims for all parties (28 U.S.C. § 1295(a)(1));

(3) A judgment that does not dispose of pending counterclaims is not a final judgment; *Syntex Pharm. Int'l Ltd v. K-Line Pharm. Ltd*, 905

4

F.2d 1525, 1526 (Fed.Cir. 1990);

(4) Both parties, as well as the district court, treated the Court's order as a final judgment;

(5) More importantly, the Federal Circuit raised no objection[1] to its jurisdiction, which it was obligated to do regardless of whether the parties raised such an objection; *View Eng'g v. Robotic Vision Systems, Inc.*, 115 F.3d 962, 963 (Fed.Cir.1997); and,

(6) This Court clearly evinced its intent to dispose of all issues related to both noninfringement and invalidity (both the affirmative defense and the prayer for declaratory relief) by specifically holding that the Goodman Patent does not anticipate the '532 patent (rather than simply denying the motion for summary judgment of invalidity by finding a genuine issue of material fact), thereby implicitly granting judgment to AFG on this issue.[2]

---

[1] The Federal Circuit implicitly acknowledges that Cardinal could have appealed in its *Cardinal III* decision when it notes the court's holding and expressly notes Cardinal's failure to appeal.

[2] The Court's grant of judgment to AFG on this issue would not be improper even though AFG had not moved for summary judgment of validity since Cardinal had adequate notice that the issue was before the court and Cardinal was given a full opportunity, and did in fact, present all of the evidence it had on that issue, especially given the Federal Circuit's clear directive to this Court in *Cardinal II* to resolve the pending motion for summary judgment of invalidity.

5

Cardinal's argument that a cross-appeal on the issue of validity of the '532 patent would have been inappropriate and would have been dismissed by the Federal Circuit is also without merit. First of all, as noted above, this Court clearly indicated its intent to deal with both the affirmative defense and the prayer for declaratory relief as to invalidity by affirmatively finding that the Goodman Patent did not anticipate the '532 patent rather than simply denying the motion for summary judgment on the grounds of a genuine issue of material fact. That this Court did not expressly dismiss Cardinal's counterclaim with prejudice, as argued by Cardinal, is not determinative. "No form of words is necessary to evince the rendition of judgment." *United States v. F.&M. Schaefer Brewing Co.*, 356 U.S. 227, 232 (1958). Whether an order constitutes a final judgment simply "depends upon whether the judge has or has not clearly declared his intention in this respect in his opinion." *Id.* This Court's order and the subsequent actions of the Court, the parties, and the Federal Circuit, as set out above, make it clear that this Court had dismissed Cardinal's counterclaim for declaratory judgment of invalidity. As Cardinal acknowledges, a "party that prevailed due to [a] district court's determination of noninfringement must appeal to argue that the district court incorrectly denied its counterclaim for declaratory judgment of invalidity." *Bailey v. Dart Container Corp.*, 292 F.3d 1360 (Fed.Cir. 2002).

6

Case 2:96-cv-00244   Document 261   Filed 06/30/05   Page 6 of 10   PageID #: 60

Cardinal's further insistence that it could not appeal because it would have had to assert inconsistent arguments on appeal is similarly without merit. It is quite clear that a party, whether required to file a cross-appeal or not, may simply assert alternative grounds in the record for affirming the judgment. *Phillips v. AWH Corp.*, 363 F.3d 1207, 1216 (Fed.Cir. 2004). Not only that, it is neces-sary and appropriate for a party to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary. *Bailey,* at 1362. Therefore, even though Cardinal prevailed on the issue of noninfringement, Cardinal could have introduced a new argument and/or challenged the court's claim construction while asserting alternative grounds in the record for affirming the judgment of the trial court on appeal.

In *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1156-1157, & n. 4 (Fed.Cir.2004), the Federal Circuit said:

> As our decision in *Bailey v. Dart Container Corp. of Michigan*, 292 F.3d 1360 (Fed.Cir.2002), makes clear, "[i]t is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment." Id. at 1362. Thus, a cross-appeal is proper only when acceptance of the argument advanced "would result in a reversal or modification of the judgment rather than an affirmance." Id. Where, as here, the district court has entered a judgment of invalidity as to all of the asserted claims, there is no basis for a cross-appeal as to either (1) additional claims for

7

> invalidity or (2) claims of non-infringement. As we held in *Weatherchem Corp. v. J.L. Clark, Inc.*, 163 F.3d 1326 (Fed.Cir.1998), a judgment "that claims are invalid eliminates, as a practical matter, the need to consider on appeal whether those claims are infringed, even if the accused infringer has filed a counterclaim for a declaratory judgment of noninfringement." Id. at 1335. Therefore, although <u>a judgment of non-infringement does not necessarily moot validity</u> issues on appeal, *Cardinal Chem. Co. v. Morton Intl., Inc.*, 508 U.S. 83, 98, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993), <u>a judgment of invalidity necessarily moots the issue of infringement</u>, see, e.g., *Sandt Tech., Ltd. v. Resco Metal Plastics Corp.*, 264 F.3d 1344, 1356 (Fed.Cir.2001); *Weatherchem*, 163 F.3d at 1335. This is because "a determination of infringement applies only to a specific accused product or process," whereas "invalidity operates as a complete defense to infringement for any product, forever." *Weatherchem*, 163 F.3d at 1335-36. <u>Because Microsoft's rights under the judgment of invalidity are actually broader than its rights would be under a judgment of non-infringement, Microsoft has not been adversely affected by the district court's judgment</u>.
>
> Because there is no jurisdiction for the cross-appeal, we dismiss the cross-appeal; order that the surreply brief be stricken; and treat Microsoft's arguments in support of its cross-appeal as an alternate ground for affirming the district court's judgment.

Because Cardinal's rights under a judgment of invalidity would be broader than its rights under a judgment of non-infringement, Cardinal was necessarily adversely affected by this Court's judgment of validity. Therefore, it was necessary and appropriate for Cardinal to file a cross-appeal because Cardinal could have enlarged its own rights under the judgment and could have lessened the rights of its

8

adversaries.

This case clearly involves a counterclaim of invalidity, a judgment of noninfringement, and a judgment that the patent is not invalid. Therefore, Cardinal, as the prevailing party on liability, had to file a cross-appeal in order to preserve its invalidity counterclaim. *See Radio Steel & Mfg. Co. v. MTD Prods., Inc.*, 731 F.2d 840, 843-44 (Fed.Cir.1984) When Cardinal failed to appeal, the Court's judgment that the patent is not invalid became the law of the case.

The Court also **FINDS** that Cardinal has still failed to show that any of the recognized exceptions to the doctrine of law of the case, i.e., discovery of new and different material evidence that was not presented in the prior action, an intervening change of controlling legal authority, or a situation in which the prior decision is clearly incorrect and its preservation would work a manifest injustice, is applicable in this case. *AFG Industries, Inc. v. Cardinal IG Co., Inc.*, 375 F.3d 1367, 1372 (Fed. Cir. 2004). Any injustice worked against Cardinal in this case is clearly of its own making. Accordingly, it is hereby **ORDERED** that the defen-dant's Motion for Reconsideration is **DENIED**. [Doc. 227].

It is also **ORDERED** that Cardinal's counterclaim requesting that this case be found to be exceptional under 35 U.S.C. § 285, and for attorney's fees and costs is bifurcated from the trial of this cause and will be addressed at a later date,

9

after the jury's verdict, if appropriate.

    ENTER:

                                           <u>S/J. RONNIE GREER</u>
                                           UNITED STATES DISTRICT JUDGE