UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

AFG INDUSTRIES, INC., and )
ASAHI GLASS COMPANY, LTD. )
)
v. ) NO. 2:96-CV-244
)
CARDINAL IG COMPANY, INC. )

# **O R D E R**

This patent infringement matter is before the Court to consider the prejudgment damage calculations submitted by the parties and to address the entry of a final judgment. After careful consideration of the record as a whole, including trial testimony, trial exhibits, and the verdict of the jury, the Court FINDS as follows:

1. On July 29, 2005, at the close of all proof, this Court granted a motion for judgment as a matter of law in favor of the AFG Industries, Inc., and Asahi Glass Company, Ltd. on the issue of liability finding that all eight LoE2 products sold by Cardinal IG Company ("Cardinal") did infringe the Oyama U.S. Patent No. 4,858,532. The Clerk is DIRECTED to enter a judgment reflecting

this finding.

      2. On August 1, 2005, the jury returned a verdict finding that a reasonable royalty in this case was $.0281per square foot of infringing glass sold. The parties had previously stipulated that Cardinal has sold 894,753,000 square feet of glass. Applying the reasonable royalty found by the jury results in damages in the sum of $25,142, 559.00. The Clerk is DIRECTED to enter a judgment upon the jury's verdict reflecting this amount of damages.

      3. The parties have now filed proposed calculations of prejudgment interest. Cardinal contends that certain periods should be excluded from the calculation of prejudgment interest and that the Court should apply the Treasury Bill Rate in its calculations if prejudgment interest is to be awarded. The plaintiffs contend that the prime rate, compounded quarterly, is the appropriate interest rate for the Court to use.

     The Court does not find that the time period when prior reversed district court opinions were in force should be excluded from the calculation of prejudgment interest. See *Group One, Ltd. V. Hallmark Card, Inc.*, 207 F.3d 1297, 1308 n. 8 (Fed. Cr. 2005). The Court also does not find that plaintiffs' delay in bringing suit is sufficient to deny an award of prejudgment interest during the time frame of the delay. See *Lummus Indus., Inc. V. D.M. &E. Corp.*, 862 F.

2d 267, 275 (Fed. Cir. 1988).

In regard to the interest rate to be applied, the Court finds the reasoning in the unpublished disposition of *A&L Technology v. Resound Corp.*, 1995 WL 415146, *5 (N.D.Cal.), to be persuasive:

> Absent evidence of A & L's cost of borrowing money or its rate of return on investments, the prime rate more nearly approximates the position A & L would have been in had ReSound entered into a reasonable royalty agreement than either of the proposals of the parties. Unlike the statutory rate, the prime rate encompasses fluctuations in the market over the infringement period. Unlike the Treasury bill rate, the prime rate does not assume that the hypothetical loan to ReSound was risk-free, but rather only that ReSound was credit-worthy.

Therefore, based upon the affidavit and calculations of plaintiffs' expert Creighton G. Hoffman, the Court FINDS that the appropriate rate of prejudgment interest is the prime rate, compounded quarterly, from 1991 to August 8, 2005, for prejudgment interest totaling $18,573,751.00. The Clerk is DIRECTED to enter a judgment reflecting this amount of prejudgment interest .

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

3